**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 04-cr-00224-REB-MJW
(Civil Case No. 06-cv-01975)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

NATHAN ERIC SCANLON,

    Defendant-Movant.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter before me is the defendant-movant's **Motion To Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255** [#53][1] filed April 28, 2006. I overrule the objections of the defendant-movant, approve and adopt the recommendation of the magistrate judge, and deny the motion to vacate the sentence.

Pursuant to Rule 8(b) of the **Rules Governing Section 2255 Proceedings For The United States District Courts**, on September 4, 2008, I referred the motion to a magistrate judge to file proposed findings of fact and recommendations for disposition. *See* **Special Order of Reference to United States Magistrate Judge** [#64] entered September 4, 2008. Accordingly, on September 21, 2009, the magistrate judge filed his **Recommendation on Motion To Vacate, Set Aside, Or Correct Sentence Pursuant**

---

[1] "[#53]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

**to 28 U.S.C. § 2255 (Docket No. 53)**, *see* [#65], recommending that the motion be denied without a hearing. The defendant-movant filed his objections [#68] to the recommendation on January 5, 2010.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and I have considered carefully the motion (and concomitant declaration), response, record,[2] recommendation, and objections. In addition, because plaintiff is proceeding *pro se*, I have construed his filings generously and with the leniency due *pro se* litigants. See **Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

In his motion the defendant-movant claims that he was denied effective assistance of counsel in violation of his rights under the Sixth Amendment. The defendant-movant claims that his attorney was constitutionally ineffective during pretrial investigation, during the pretrial motions phase, during plea discussions, and during sentencing. As relief, the defendant-movant requests that he be resentenced.[3]

In his fifteen-page recommendation, the magistrate judge sedulously examined and rejected each discrete claim and contention of the defendant-movant. The magistrate judge correctly found the relevant facts from the relevant record and correctly applied the apposite law, before concluding ultimately that the defendant-

---

[2] The primary record consists of the transcript of the sentencing hearing held May 27, 2005. *See* Transcript [#52] filed December 8, 2008.

[3] Originally, the defendant-movant requested that both his plea (*i.e.*, his conviction) and his sentence be vacated. *See* Motion [#53] at 8 and Declaration [#53] at 16, ¶ 28. However, in his objections to the recommendation, he withdrew his request that his plea be vacated (*see* Objections [#68] at 1, ". . . Movant would like to retract his request that his plea be reversed.").

movant was not denied effective assistance of counsel and recommending that the motion be denied without a hearing.

Generally, I have two principal criticisms of the objections of the defendant-movant as stated in his response [#68] filed January 5, 2010. First, many of the objections are a mere reiteration of the arguments advanced by the defendant-movant in his § 2255 motion. Second, many of the objections are misdirected; they focus irrelevantly on the propriety and legality of the findings of fact and conclusions of law that I entered during the sentencing hearing subsequent to the presentation by both attorneys. In any event, the arguments of the defendant-movant fall well short of vitiating the findings and recommendation of the magistrate judge and fall well short of demonstrating prejudicial, ineffective assistance of his attorney.

To prevail on an ineffective assistance of counsel claim, the defendant-movant must show (1) that his attorney's performance was unreasonable under prevailing professional standards, *Strickland v. Washington*, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984); and (2) that there is a "reasonable probability that but for counsel's unprofessional errors, the result would have been different," *id.* at 694, 104 S.Ct. at 2068. *Strickland* defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.*

To meet the second part of the *Strickland* test, the defendant-movant must show that there is a reasonable probability that "but for counsel's unprofessional errors, the result would have been different." *Id. See also*, *Lockart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (holding that under *Strickland*, petitioner must show that "counsel's deficient performance renders the . . . proceeding fundamentally unfair"). Under the second prong of *Strickland*, the defendant-movant

3


must demonstrate a "reasonable probability" that counsel's performance prejudiced the defendant, meaning a probability "sufficient to undermine confidence in the outcome." *Strickland*, at 694, 104 S.Ct. 2052.

In order to demonstrate prejudice, a movant must establish that counsel's performance rendered the proceedings "fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). "[A] court may not set aside a conviction or a sentence solely because the outcome would have been different absent counsel's deficient performance." *United States v. Kissick*, 69 F.3d 1048, 1055 (10th Cir. 1995), *cert. denied*, 519 U.S. 1138 (1997).

Counsel's performance is judged on a reasonableness standard, viewing the totality of circumstances at the time when the conduct occurred. *Strickland*, 466 U.S. at 690; *United States v. Smith*, 10 F.3d 724, 728 (10th Cir. 1993). There is a strong presumption that counsel's performance was not ineffective and "'f[ell] within the wide range of reasonable professional assistance.'" *United States v. Clonts*, 966 F.2d 1366, 1370 (10th Cir. 1992) (quoting *Strickland*, 466 U.S. at 689). To overcome this strong presumption, a defendant "must shoulder a heavy burden." *Catches v. United States*, 582 F.2d 453, 457 (8th Cir. 1978). The Supreme Court has recognized that

> [t]here is a strong presumption that counsel's performance falls within the wide range of professional assistance, . . . the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential.

*Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986) (citations omitted). If a defendant-movant fails to satisfy either prong of the

*Strickland* test, the ineffective assistance of counsel claim must fail.  *See Strickland*, 466 U.S. at 697.

Here, the defendant-movant does not by evidence, declaration, affidavit, argument, or authority make a prima facie showing (1) that his attorney's performance was unreasonable under then prevailing professional standards, *Strickland v. Washington*, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984); and (2) that there is a "reasonable probability that but for counsel's unprofessional errors, the result would have been different," *id.* at 694, 104 S.Ct. at 2068. The defendant-movant has presented no credible evidence or argument that but for his attorney's alleged errors at sentencing a lessor sentence would have been imposed or that the results of the sentencing hearing were fundamentally unfair or unreliable. Thus, I conclude ultimately that defendant's claim of ineffective assistance of counsel must be dismissed.

For purposes of continuity, I address the objections and arguments of the defendant-movant in the order he presents them in his response. First, the defendant-movant reiterates his complaint that his counsel did not appeal the sentence. However, I find and conclude that the defendant-movant has never established a cogent factual or legal basis to support an appeal, let alone that his attorney was constitutionally ineffective for failure to appeal. Equiponderantly, I find and conclude that the defendant-movant has failed to establish that he was irreparably prejudiced by his attorney's failure to appeal, because the defendant-movant has failed to demonstrate that such an appeal would have likely resulted in a finding by the appellate court that the sentence was

either procedurally or substantively unreasonable.[4]

Next, the defendant-movant contends that his attorney was ineffective because he failed (or more accurately, refused) to object ". . . to specific U.S.S.G. (sic) §2G2.2 enhancements, *see* Response [#68] at 2, ¶ 2, because the guidelines relevant to child pornography are not the result of empirical studies and contain enhancement for factors common to many, if not most, cases, *see Id.* Once again, the defendant-movant fails under both prongs of *Strickland*. First, the defendant-movant has failed to establish that application of the enhancements was improper and, thus, resulted in an improper calculation of the offense level, and that, therefore, his attorney was ineffective for failing to object. Second, the defendant-movant could not have used his objection to augur for a downward departure, since he would, per force, be relying on that which he claimed to be illicit. Third, the defendant-movant has not shown that, in requesting a sentence variance, his attorney's reliance and emphasis on other arguments relevant to the § 3553(a) factors and needs did not fall "'within the wide range of reasonable professional assistance.'"*Clonts*, 966 F.2d at1370,'" (quoting *Strickland*, 466 U.S. at 689).[5] Fourth, he has failed to establish that but for his attorney's failure to impugn the

---

[4] After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), sentences are reviewed for reasonableness under a deferential abuse-of-discretion standard. *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir.2008). "Reasonableness review is a two-step process comprising a procedural and a substantive component." *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir.2008) (citing *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)). Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence. *See United States v. A.B.*, 529 F.3d 1275, 1278 (10th Cir.2008). *See also Gall*, 128 S.Ct. at 597 (procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence"). Substantive review "involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir.2007).

[5] Thus, by definition, the defendant-movant has not shouldered his heavy burden to surmount the puissant presumption that his attorney's strategy fell within the wide purview of professional assistance under the then existing, prevalent professional norms. *Kimmelman,* 477 U.S. at 381, 106 S.Ct. at 2586.

factual basis of the relevant sentencing guidelines, his sentence would have been less than 121 months, let alone 60 months, which is the mandatory minimum sentence for this offense.

The balance, which constitutes the overwhelming majority, of the response and objections of the defendant-movant focuses on the reasonableness of the sentence and the ratiocination and rationale of the court and prosecutor, and not on the actions, arguments, or strategies of his attorney. In fact, from page two through the end of his response on page nineteen, the defendant-movant mentions his attorney only once, where on page twelve under the rubric of "Extreme Vulnerability," he rehearses positively his attorney's arguments in support of a downward departure or variance for extreme vulnerability. Thus, my earlier criticism that many of the objections of the defendant-movant are misdirected is well taken.

Based on the relevant record, considered as a whole, I conclude ultimately that I should overrule the objections of the defendant-movant, approve and adopt the recommendation of the magistrate judge, and deny the motion to vacate the sentence.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation on Motion To Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 53)** [#65] is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections stated in the **Movant's Response to Court's Recommendation on Motion To Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 53)** [#68] filed January 5, 2010, are **OVERRULED**; and

3.  That the defendant-movant's **Motion To Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255** [#53] filed April 28, 2006, is **DENIED**.

Dated February 2, 2010, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

8