# UNITED STATES DISTRICT COURT

### DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation of Supervised Release**) |
| v. | Case Number:  04-cr-00224-REB-01 |
| | USM Number:  32699-013 |
| NATHAN ERIC SCANLON | James Edward Mosley<br>(Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1 - 4, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Notify the Probation Officer of All Computer and/or Other Internet Access Devices to Which the Defendant Has Access | 06/10/2015 |
| 2 | Failure to Notify the Probation Officer of All Computer and/or Other Internet Access Devices to Which the Defendant Has Access | 06/10/2015 |

     The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

     It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

     It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

     August 21, 2015
Date of Imposition of Judgment

**s/ Robert E. Blackburn**
Signature of Judge

Robert E. Blackburn, U.S. District Judge
Name & Title of Judge

**August 31, 2015**
Date

DEFENDANT:  NATHAN ERIC SCANLON
CASE NUMBER:  04-cr-00224-REB-01                                                            Judgment-Page 2 of 6

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Failure to Comply with Rules and Restrictions Specified by the Sex Offender Treatment Agency | 05/23/2015 |
| 4 | Failure to Comply with Rules and Restrictions Specified by the Sex Offender Treatment Agency | 06/09/2015 |

DEFENDANT: NATHAN ERIC SCANLON
CASE NUMBER: 04-cr-00224-REB-01                                          Judgment-Page 3 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of time served.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  NATHAN ERIC SCANLON
CASE NUMBER:  04-cr-00224-REB-01                                                                       Judgment-Page 4 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant shall not enter any marijuana dispensary or grow facility;

8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9)  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)  The defendant shall participate in an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer.  The defendant will be required to pay the cost of these evaluations and treatment. The defendant shall comply with the rules and restrictions specified by the treatment agency.   The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

2)  The defendant's use of smartphones, computers, or any device with internet access shall be limited to those he specifically requests to use and to which the probation officer has authorized and authorization shall not be withheld unreasonably.

3)  The defendant shall notify the probation officer of all computers and/or other internet access devices to which the defendant has access.  The defendant shall allow the probation officer to make unannounced examinations of the data stored on the defendant's personal computer(s) and other internet access devices, and collected by such system(s) at any reasonable time and copy data with the probation officer believes may be evidence of a law violation or a technical violation of a condition of supervision.

4)  The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with our without warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, and by any probation officer in the lawful discharge of the officer's supervision functions.

5)  The defendant shall allow the probation officer to install software/hardware designed to monitor computer activities on any computer, smartphone, or any device with internet access that the defendant is authorized by the probation officer to use.  The software may record any and all activity on the computer, smartphone, or device with internet access, including the capture of keystrokes, application information, internet use history, email correspondence, and chat

conversations.  A notice will be placed on any computer at the time of installation to warn others of the existence of the monitoring software on the computer.  The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent any software/hardware.

6) On authorization and approval of the sex offender treatment provider, the defendant may leave his place of approved residence as required by his employer to perform the duties and responsibilities of his employment.

7) On authorization and approval of the sex offender treatment provider, the defendant may have communication, contact, and visitation with his brother in his mother's home.  The approved communication, contact, or visitation must be supervised by an authorized adult, to include, but not necessarily be limited to, the defendant's mother.

8) The defendant may have access to a computer at his place of employment for employment-related purposes only, and shall not engage in activities on such computers that violate any of the defendant's conditions of supervised release.